*Ex 1*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**ABDUL AL-MUMIT ASAD SHARIFF**
*also known as* **Christopher Thomas Lewis**                    **PETITIONER**

**v.**                                    **CAUSE NO. 1:22-cv-216-LG-BWR**

**BURL CAIN**                                    **RESPONDENT**

## ORDER TRANSFERRING SUCCESSIVE PETITION
## TO THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**BEFORE THE COURT** is the *pro se* [1] Petition for habeas corpus pursuant

to 28 U.S.C. § 2254 filed by Petitioner Abdul Al-Mumit Asad Shariff, also known as

Christopher Thomas Lewis, prisoner number 49732, an inmate of the Mississippi

Department of Corrections ("MDOC").[1]  Upon *sua sponte* review of the [1] Petition,

the Court finds that it constitutes an unauthorized successive petition.

Petitioner challenges his conviction of armed robbery entered by the Circuit

Court of Harrison County, Mississippi.   *See Lewis v. State*, 110 So. 3d 814 (Miss.

Ct. App. 2013).   The trial court sentenced Petitioner as a habitual offender to 19

years and 11 months in the custody of MDOC which was affirmed by the

Mississippi Court of Appeals.   *Id.* at 821.

Petitioner has previously filed a federal petition for habeas corpus relief

challenging this same conviction and sentence.   *See Lewis v. Cent. Mississippi Corr.*

---

[1] Shariff states that he was convicted as Christopher Thomas Lewis, *see* (Pet., 1, ECF
No. 1), but apparently since that time he has changed his name to Abdul Al-Mumit
Asad Shariff, and MDOC's website identifies him as Abdul Shariff, prisoner number
49732.

*Facility*, No. 1:14-cv-235-KS-MTP (S.D. Miss. Apr. 23, 2016).   In that earlier case, the court denied Petitioner's petition and dismissed his case with prejudice on April 12, 2016.   *Id.*, (J., 1, ECF No. 57).   Petitioner's motion for a Certificate of Appealability was denied by the United States Court of Appeals for the Fifth Circuit.   *Lewis v. Cent. Mississippi Corr. Facility*, No. 16-60679, 2017 WL 6939375, at * 1 (5th Cir. July 27, 2017).

A petitioner who files a second or successive motion for habeas relief must first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive petition. 28 U.S.C. § 2244(b)(3)(A).   "Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition."   *Leal Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009).

The Fifth Circuit defines "a second or successive petition as one that 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.* at 220 (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).   Petitioner's claims in this case were raised or could have been raised in his earlier federal petition. His petition is therefore successive under § 2244(b)(3)(A) and requires prior authorization.

Because Petitioner has not demonstrated such authorization, his Petition is not properly before this Court.   But in the interest of justice, the Court will transfer

2

this matter to the United States Court of Appeals for the Fifth Circuit to determine whether this <u>successive Petition</u> should be <u>permitted</u>.   *See In re Epps*, 127 F.3d 364 (5th Cir. 1997); *see also* 28 U.S.C. § 1631.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this Petition for habeas corpus relief be, and the same hereby is, **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of Court is directed to close this case <u>pending</u> the <u>decision</u> of the United States Court of Appeals for the Fifth Circuit.

**SO ORDERED AND ADJUDGED** this the 1st day of September, 2022.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

3

*Ex 1-A*

## United States Court of Appeals
### FIFTH CIRCUIT
#### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

September 06, 2022

#49732
Mr. Abdul Al-Mumit Asad Shariff
Marshall County Correctional Facility
833 West Street, P.O. Box 5188
Holly Springs, MS 38634-5188

No. 22-60491    In re: Abdul Shariff
USDC No. 1:22-CV-216

Dear Mr. Shariff,

The district court transferred your second or successive 28 U.S.C. § 2254 motion to this court to determine whether to allow your successive action. I advise you of the following matters, see *In re Tony Epps*, 127 F.3d 364 (5th Cir. 1997).

Under 28 U.S.C. § 2244(b)(3) you must first receive this court's permission before you can file such an action in district court.

You have **30 days** from the date of this letter to file with this court a motion for authorization to proceed in the district court, and to send the documentation below. The motion may not exceed 30 pages pursuant to FED. R. APP. P. 32(a)(7). Please use the case number shown above in your motion. If you fail to file a motion for authorization within this 30 day period, or properly request an extension of time, the clerk will enter an order dismissing your case without further notice.

If you wish to file a second or successive § 2254 petition in the district court, you must make a prima facie showing that you satisfy either of the two conditions found in 28 U.S.C. § 2244(b)(2):

A. that your claim relies on a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable; **or,**

B. the factual predicate for your claim could not have been discovered previously through the exercise of due diligence, **and** the facts underlying your claim, if proven by clear and convincing evidence, would be sufficient to establish that a reasonable trier of fact would not have found you guilty of the underlying offense.

You must attach the following documentation to your § 2254 motion to this court:

1. a copy of the proposed § 2254 petition you are requesting permission to file in the district court;

2. copies of all previous § 2254 petitions challenging the judgment or sentence received in any conviction for which you are currently incarcerated; all previous § 2241 petitions challenging the terms and conditions of your imprisonment;

3. any complaint, regardless of title, that was subsequently treated by the district court as a § 2254 motion or § 2241 petition;

4. all court opinions and orders disposing of the claims advanced in (2) above; and

5. all magistrate judge's reports and recommendations issued in connection with the claims advanced in (2), above.

**Do not** submit state court filings. This court does not require and will not address documents filed in a state court.

If, after due diligence and through no fault of your own, you cannot obtain the documents described above, you should submit an affidavit describing the steps you took to obtain them and explaining why you were unsuccessful. If possible, you should also identify by court, case name and case number any proceeding for which you cannot obtain the documents in (2) and (3) above.

The 30 day time limit within which this court must address your § 2254 motion will not begin to run until the clerk's office receives your response to this letter.

The original and one copy of the application must be mailed to:

U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
600 S. Maestri Place
New Orleans, LA  70130

Sincerely,

LYLE W. CAYCE, Clerk

By:
Majelia A. Sutton, Deputy Clerk
504-310-7680

cc:
Mr. Arthur S. Johnston III

 *3*

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

December 20, 2022

#49732
Mr. Abdul Al-Mumit Asad Shariff
Marshall County Correctional Facility
833 West Street, P.O. Box 5188
Holly Springs, MS 38634-5188

No. 22-60491    In re: Abdul Shariff
USDC No. 1:22-CV-216

Dear Mr. Shariff,

We received your document entitled "Supplemental Petition of Discovery." In light of the clerk's order of October 11, 2022, the case is closed, we are taking no action on this document.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Monica R. Washington, Deputy Clerk
504-310-7705



# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

November 07, 2022

Mr. Arthur S. Johnston III
Southern District of Mississippi, Gulfport
United States District Court
2012 15th Street
Dan M. Russell Jr. United States Courthouse
Gulfport, MS 39501

    No. 22-60491   In re: Abdul Shariff
            USDC No. 1:22-CV-216

Dear Mr. Johnston,

Enclosed is a copy of the judgment issued as the mandate.

            Sincerely,

            LYLE W. CAYCE, Clerk

            By: _____
            Whitney M. Jett, Deputy Clerk
            504-310-7772

cc w/encl:
    Mr. Abdul Al-Mumit Asad Shariff

In The United States Court of Appeals

For The fifth Circuit

5
Petitioner

Abdul AL-Mumit Asad Shariff AKA #4932 Pro'se

Christopher Thomas Lewis

Burl Cain ET,AL

Ex 3-A²

No: 22-60491

Respondents

## Motion to Reconsider extension of Time

Comes now Petitioner, Abdul AL-Mumit Asad Shariff AKA Christopher Thomas Lewis #4932 Pro'se In the above Styled and Numbered cause and files this his petition to reconsider his extension of time and will show unto this honorable Court the following to-Wit:

## I

(1) The Petitioner did Not recieve the courts order until on or about wednesday october 18, 2022 and did Not have a Chance to properly Complete it his Motion for Authorization.

(2) The Petitioner is diligently working to Complete his motion, however we only can go to the law library once a week. And the week of my deadline which was october 26, 2022 the Legal office was Closed Mon-Thurs,

(1)

(3) Pursuant to Minnifield vs Missiesippi, No 90-KA-0429 (Aug. 21, 1991), Headnote 2 Defendant seeking out of time appeal or extension of time in this Case, where the defendant seeking out of time appeal had burden of Proving by the Preponderance of the evidence that within the time of giving notice of appeal, he asked Counsel to appeal and that attorney, through No fault of defendant Failed to Perfect Appeal,

Where fore Premises considered the Petitioner Prays that this honorable Court will grant this Motion and give the Petitioner an additional 20 days to complete his Motion for authorization.

Abdul Al-Muhli £ Asad, Suaria
Abdul Al-Murit Asad, Sheriff
Pro'se
4702
Petitioner



Seal

Notary

cc

(2)

STATE OF MISSISSIPPI

COUNTY OF ~~MARSHALL~~ *Benton* ری

## **AFFIDAVIT**

PERSONALLY, appeared before me the undersigned authority in and for the aforesaid jurisdiction, being duly sworn by me does depose and state the following:

I,   Winifred P Anderson                                           , do hereby state that the following is true and correct to the best of my belief and knowledge.

     I am Winifred P Anderson, Inmate Legal Assistant and a Notary here at Marshall County Correctional Facility.  My job here is to assist offenders with pulling caselaws and sending out legal mail.  Offenders are called to the ILAP office once per week on their assigned day to send out legal mail.  Offender Abdul Al-Mumit Asad Shariff #49732 is housed at MDOC-Marshall County Correctional Facility, 833 West Street, Holly Springs, MS.  Offender Shariff had a deadline of October 26, 2022 with the 5th Circuit.  Unfortunately, I was off work on October 24, 25 & 26, 2022 due to illness and I have no back up at this time.  My untimely absence caused Offender Shariff to miss his deadline.

     If you reconsider and accept his motion for reconsideration of extension of time, I would be most grateful.

SIGNED, this the _____ day of _____, 20____.

_____
AFFIANT

     SWORN TO AND SUBSCRIBED BEFORE ME, this the _____ day of
_November_____ , 20___.

_____
Notary Public

My Commission Expires: _____

MARGARET W. GRIFFIN
Commission Expires
Feb. 3, 2026

# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

November 01, 2022

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

No. 22-60491    In re: Abdul Shariff
USDC No. 1:22-CV-216

The court has denied the motion to extend time to file the motion for authorization to file a successive petition.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Monica R. Washington, Deputy Clerk
504-310-7705

Mr. Abdul Al-Mumit Asad Shariff

 

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2022

No. 22-60491

Lyle W. Cayce
Clerk

IN RE ABDUL AL-MUMIT ASAD SHARIFF,

*Movant.*

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:22-CV-216

CLERK'S OFFICE:

Under 5TH CIR. R. 42.3, the appeal is dismissed as of November 7, 2022, for want of prosecution. The appellant failed to timely comply with the court's notice of September 6, 2022.

LYLE W. CAYCE
Clerk of the United States Court
of Appeals for the Fifth Circuit

By: _____
Whitney M. Jett, Deputy Clerk

ENTERED AT THE DIRECTION OF THE COURT

A True Copy
Certified order issued Nov 07, 2022

Clerk, U.S. Court of Appeals, Fifth Circuit

**UNITED STATES DISTRICT COURT**
**OFFICE OF THE CLERK**
**SOUTHERN DISTRICT OF MISSISSIPPI**



## MEMORANDUM

---

DATE: November 2, 2022

TO:      Abdul Al-Mumit Asad Shariff #49732

FROM:    U.S. District Court, R. White, Deputy clerk

SUBJECT: 1:22cv216 LG-BWR; Shariff vs. Cain

Mr. Shariff,

This Memorandum will acknowledge the receipt of the enclosed documents in our office today via our Jackson Office. Please be advised that these documents are being returned to you because these are documents styled for Fifth Circuit. I looked on Fifth Circuit website and saw that the Motion for Extension of Time was received and docketed by Fifth Circuit on 11/1/22. The Motion to Provide Tangible Documents was not on their docket. Therefore, if you have not sent an original to Fifth Circuit, you will need to at least sign this copy with your original signature and mail it to Fifth Circuit.

Please be advised that a copy of documents you are filing with Fifth Circuit should not be mailed to our office.

Thanking you in advance for your attention to this matter.

NOTE: Your writing should not be close the top, sides, and bottom of your pages. As you can see from these copies, some of the writing is cut off.

Encls.

# *United States Court of Appeals*

### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

6→A

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

October 11, 2022

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

No. 22-60491    In re: Abdul Shariff
USDC No. 1:22-CV-216

The court has granted an extension of time to and including October 26, 2022 to file the motion for authorization to file a successive petition.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Monica R. Washington, Deputy Clerk
504-310-7705

Mr. Abdul Al-Mumit Asad Shariff

# United States Court of Appeals
## FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

November 16, 2022

#49732
Mr. Abdul Al-Mumit Asad Shariff
Marshall County Correctional Facility
833 West Street, P.O. Box 5188
Holly Springs, MS 38634-5188

       No. 22-60491    In re: Abdul Shariff
                       USDC No. 1:22-CV-216

Dear Mr. Shariff,

We received your Motion to Reconsider Extension of Time.  Upon
receipt of the motion for authorization to file a successive
petition the case will be reopened, we are taking no action on
this motion.

                    Sincerely,

                    LYLE W. CAYCE, Clerk

                    By: _____
                    Monica R. Washington, Deputy Clerk
                    504-310-7705

cc:



8

# CONNIE LADNER
# HARRISON COUNTY CIRCUIT CLERK
1801 23RD AVENUE • POST OFFICE BOX 998 • GULFPORT, MS 39502
(228) 865-4051 • (228) 865-4005 • FAX (228) 865-4099
WEBSITE: co.harrison.ms.us



Date Mailed: _February 27, 2023_

Cause No. _B2401-11-428_

RE: State of Mississippi vs. _Christopher T. Lewis_

Dear Sir or Madam:

Enclosed, please find a "FILED" stamped copy of your motion filed _February 27_, 20_23_.

Also be advised a copy of your motion has been forwarded to the District Attorney and the Law Clerk.

Sincerely yours,

Connie Ladner, Circuit Clerk
Harrison County, Mississippi

By: _Knuns_

In The Harrison County Circuit Court for
The First Judicial District



F I L E D

FEB 27 2023

CONNIE LADNER
CIRCUIT CLERK

BY: _____ D.C.

Burl Cain ET, AL,
State of Mississippi

VS

Abdul AL-Munit ASAD Shariff
AKA Christopher T, Lewis #49732
pro'se

9

Petitioner

Cause no: B2401-11-428

Respondents

## Motion for Declaratory Judgement

Comes now, The petitioner Abdul AL-Munit ASAD
Shariff AKA Christoper T, Lewis #49732 in the above
Styled and numbered Cause and pro'se files this his
motion for Declaratory Judgement and would ask unto
this honorable Court the following to - wit.

1. This honorable Court, Pursuant to Mississippi
Rules of Civil Procedure, Rule 57 (a)(b)(1)(4), has
authority to issue Declaratory Judgement in the
criminal action Cause which derived from this
court.

page - 1 -

2. An action for Declaratory Judgement is not an action for relief, but rather is an action asking the court to answer a question of law to a given set of facts." Ashwander US Ten. Valley Authority, 56 S.C.T 466, 423, 297, U.S, 288, 80 L. Ed. 688,699 (1936) The question of law here is whether, In an Armed Robbery case where the Suspect had on a Ski mask and no physical or testimonial evidence was presented Can probable Cause be established, If so how, and can a conviction be entered. Harvey york us State No. 53048 (1982) (Synopsis) In the instant case the petitioner was not placed in a line-up violating his 14,5 Amend, due process rights. pg. 2 headnote 4

A line-up or series of photographs in which the accused, when compared with others, is conspicuously ~~singled out~~ ~~in the~~ Singled out in Some manner from the others, either from appearance or statements by officers, is impermissibly Suggestive, Headnote 5

A show-up in which the accused is brought by an officer to the eyewitness is impermissibly Suggestive.

Page - 2 -

Fact

When a person has on a Ski-mask or facemask Positive Identification is almost impossible to establish.

(1)

On the 25th day of January 2012 a harrison County court, Jury, found the petitioner Guilty of armed robbery in violation of Section 97-3-79 of the M.C.A., on January 26th 2012 presiding Judge Lisa P. Dodson Sentenced the petitioner to 19yrs. 11 months in the Department of Corrections. (See ~~Lewis~~ Christopher T. Lewis us State 2012-KA-00395-COA.

(2)

St

Novall vs Denno no. 254 (1967) Synopsis where victim/eye witness was capable and able to come to police station ᵇᵉᵇ for 6 man line-up there is no excuse for this Critical due process violation,

Pg. 2 Headnote 7

Confrontation of the accused for identification is critical stage of proceedings, and ~~was~~ counsel is required at all such confrontations.

Pg. 3 Headnote 11    Page -3-

Claimed violation of due process of law in conduct of confrontation depends on the totality of the circumstances

Headnote 10

Claimed confrontation violation for identification was so unnecessarily suggestive and conducive to Irreparable mistaken identification as to deny due process of law is a ~~~~ recognized ground of attack upon conviction independent of ~~~~ any right to council claim.

Gilbert us california no. 223 (1967) Synopsis

The admission of in-court identification without determination that they were not tainted by illegal line-up or in instant case no line-up was per se inadmissible,

pg 2 Headnote 8

Admission of in-court identifications, by witnesses who had earlier identified defendant at line-up without first determining that identifications where tainted by illegal line-up but were of independent ~~~~ origin was constitutional error.

Page -4-

Pg. 3 Headnote 10

Post indictment line-up at which defendant was exhibited to identifying witnesses was critical Stage of ~~criminal~~ Criminal prosecution at which the defendant was entitled to counsel, and conduct of line-up without notice to and in the absence of counsel ~~~~ denied defendant his Sixth Amendment right.

As ordered by the united States Supreme Court it is imparative that the "Wade ~~~~ Trilogy" doctrine to be used in all Cases where identification is the case in chief.

So my question of law is was probable Cause and ~~proof~~ proof of identity established in cause no. B2401-11-428!

Russel vs State 231 Miss. 126, 181, 94, So. 2d 916, 917 (Miss 195)

Therefore this honorable Court is being Called upon answer the question as to identification is it a necessary element that must be proved beyond a reasonable doubt, and if So Should it be on the indictment? How was probable cause established.

Page - 5

Requested Relief

Based on the forgoing facts, questions, and matters of law, the petitioner moves this honorable Court to enter an order of Declaratory Judgement regarding whether or not identification is a necessary element that must be proved beyond a reasonable doubt. Should it be on the indictment, and was probable cause established in cause no: B2401-11-428, (If So how?)

Where~~fore~~ premises considered the petitioner prays that this court will hear and grant this his motion for Declaratory Judgement

Abdul AL-Mumit ASAD Sharif
AKA Christopher T. Lewis #715

Respectfully Submitted

Pro'se petitioner

Sworn to and Subscribed by me this the 21st day of

February
20 23

Winifred P. Anderson
Notary

CC

Page — 6 —